Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
Brian Tamsut, Cal. Bar No. 322,780
btamsut@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff TC Reiner

# United States District Court
## Central District of California – Western Division

| | |
|---|---|
| TC Reiner,[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Robert Eringer et al,<br><br>　　　　Defendant. | No. 2:18-cv-243-DSF (JPRx)<br><br>Plaintiff's Motion in Limine No. 1 – Excluding Evidence of Defendant Eringer's Emails Except those Produced during Discovery before the Discovery Cut-off<br><br>Pretrial Conference Date: May 6, 2019<br>Time: 3:00 p.m.<br>Trial Date: June 4, 2019 at 8:30 a.m.<br>Judge Fischer |
| And Related Counterclaims | |

To defendants:

Plaintiff moves in limine to exclude defendant Eringer from introducing emails at trial unless he identified and produced them as part of his initial disclosure or during discovery.

This motion follows telephone conferences with defense counsel under L.R. 7-3, the last one on April 15, 2019. The parties could not resolve the dispute.

Plaintiff submits the declaration with two attached exhibits supporting this motion.

---

[1] Plaintiff is about to file a motion under Fed. R. Civ. P. 17(a)(3) to change his name on pleadings to Reiner E. Schmegner, his birth name, aka TC Reiner.

## MEMORANDUM OF POINTS AND AUTHORITIES

In this copyright infringement suit, plaintiff sought to determine how defendant and author Eringer obtained a high-resolution image of plaintiff's portrait of Eringer. The evidence will show plaintiff photographed Eringer for Eringer's publisher, defendant Skyhorse, to include on the jacket of Eringer's book. Reiner first sent Skyhorse a 1.5-in x 1.5-in image, which Eringer believed could have been acceptable for the jacket. But Skyhorse then requested a larger, higher resolution image. Because Reiner only was licensing the photograph for the book jacket, he was concerned a high-res image could be used for non-licensed uses such as publicity. Reiner had Skyhorse agree it would not transmit the high-res image to Eringer, and Eringer understood the license's limitation. But Eringer obtained the high-res image, certainly from Skyhorse, and retransmitted it to bookstores for posters advertising Eringer's book signings. These activities were infringing because they extended beyond the limited license to use the copyrighted image for the book jacket.

In response to plaintiff's document requests, Eringer claimed a flood at his residence in Montecito destroyed the requested documents. See Exhibit 2, which excludes the documents accompanying his response. He produced so documents, however. The "destroyed" emails could include his and his agent's correspondence with defendant Skyhorse, Eringer's book publisher, Eringer's publicist, and a person who created an earlier, but unused photo.

Eringer's sent and received emails must show transmission of the image from Skyhorse and to the bookstores.

Though Eringer claims the emails were destroyed in the flood, he has access to them. Exhibit 1 is a copy of an email produced by defendant Eringer's attorney. It shows Eringer's email address as reringer@gmail.com. When Eringer's attorney produced it, he included the attorney's email heading. Google stores all gmail emails.

Plaintiff's Motion in Limine No. 1 – Excluding Eringer's Emails    2    Reiner v. Eringer, et al.
Case No.: 2:18-cv-243 DSR (JPRx)

They are accessible to the Gmail account holder directly through gmail.com. But despite requests from plaintiff for Eringer to search for old Gmails, Eringer refused.

On March 19, 2019, attorney H. Frederick Seigenfeld (hmseigen@seigelaw.com), who has been acting as defendant Eringer's attorney, sent plaintiff's attorney about 180 emails from Eringer's files. Some are relevant, but the discovery cut-off was December 14, 2018, so Eringer or any email authors could not be deposed about them.[2]

In addition, some emails reference earlier emails, but some earlier ones were not included.

Eringer should be prohibited from picking, choosing or introducing from the 180 emails. Reiner requests that the Court grant this motion and exclude documents Eringer failed to produce before the close of discovery.

April 16, 2019

/s/ *Michael D. Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff TC Reiner

---

[2] Reiner does not claim he would necessarily have deposed any email authors.